1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| 11 | Silvia Peters, | CASE NO. 04cv1259-BEN (POR) |
|---|---|---|
| 12 | Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| 13 | vs. | |
| 14 | Guajome Park Academy Charter School, et al., | **[Dkt. Nos. 77, 83, 97, and 101]** |
| 15 | Defendants. | |

16                            **I. INTRODUCTION**

17    Now before the Court are Defendants' Motions to Dismiss [Dkt. No. 77, 83, 97, and 101].

18 The motions are presented by three groups of Defendants: (a) the Vista Unified School District

19 ("VUSD"), David Hubbard, Dave Cowles, and John Hannaman; (b) the Guajome Park Academy

20 Charter School ("GPACS"), Stephen Halfaker, Beverly Kanawi, and Mike Hadjiaghai; and (c) the

21 Board of Trustees of Guajome Park Academy and Guajome Park Academy Charter School.

22    Peters' first Complaint was dismissed because she was seeking relief for her minor son as

23 next friend and guardian but without a licensed attorney to represent her son's interests. *See* Order

24 dated October 29, 2004. In arguing against dismissal, Peters argued that apart from her son's

25 rights to seek relief under the IDEA, a parent may urge her own IDEA rights *pro se*. The First

26 Amended Complaint, like the initial Complaint, told a complicated story about the special

27 education needs of Peters' son, the alleged mal-treatment of Peters' son from employees and

28 students in the Defendant Vista Unified School District and the Defendant charter school Guajome

1  Park Academy, and Peters' efforts to obtain a better educational experience for her son. There
2  were nine claims for relief: (1) a due process claim; (2) and equal protection claim; (3) a §504 of
3  the Rehabilitation Act claim; (4) an Americans with Disabilities Act claim; (5) a Title VI of the
4  Civil Rights Act of 1964 claim; (6) a Title IX of the Education Amendment of 1972 claim; (7) a
5  violation of California Government Code §1090 claim; (8) a First Amendment claim; and (9) a
6  civil Racketeering Influenced Corrupt Organizations Act claim. At various points, Peters appeared
7  to be asserting her own rights, at other points, it appeared she was still asserting the rights of her
8  minor son (which she may not do *pro se*).

9        The First Amended Complaint was dismissed and with leave of Court, Peters filed a
10 Second Amended Complaint. Plaintiff's Second Amended Complaint ("SAC") was 27 pages and
11 94 paragraphs long. In her SAC, Plaintiff again set out the same nine separate claims for relief
12 each based upon 42 U.S.C. § 1983. Defendants again moved to dismiss and the school districts
13 and school officials sued in their official capacity were dismissed based upon the Eleventh
14 Amendment immunity. Plaintiff was again granted leave to amend her Complaint and has now
15 filed a Third Amended Complaint.

16       Peters' Third Amended Complaint is 25 pages and 116 paragraphs long. In this iteration
17 she sues the Defendants in both their official and individual capacities and she asserts twelve
18 claims for relief. In some cases she seeks money damages and in others she seeks injunctive relief.
19 The Defendants seek to dismiss either on grounds of Eleventh Amendment immunity, a failure to
20 exhaust administrative remedies under the IDEA, the failure to state a claim for relief, or the
21 failure to properly serve certain Defendants with summons. The interplay between the various
22 claims and the different forms of relief, sought against Defendants in both official and individual
23 capacities, and the contours of Eleventh Amendment immunity, creates a complex matrix of
24 potential claims and immunities. Consequently, the claims are addressed one at a time.

25                         **II. MOTIONS TO DISMISS**

26       Attacks on jurisdiction under Rule 12(b)(1) can be either facial, confining the inquiry to
27 allegations in the Complaint, or factual, permitting a court to look beyond the Complaint.
28 *Polanski v. KLM Royal Dutch Airlines*, 378 F.Supp.2d 1222, 1228 (S.D. Cal. 2005). For facial

1 attacks, the allegations in the Complaint are taken as true. *Id.* When the motion challenges the
2 jurisdictional facts presented in the Complaint the court may consider evidence properly before it,
3 and the party opposing the motion has the burden of establishing subject matter jurisdiction. *Id.*

4      A facial attack on jurisdiction under Rule 12 (b)(1) is similar to a motion to dismiss under
5 Rule 12(b)(6). In both cases review is limited to the contents of the Complaint. *Lee v. City of Los*
6 *Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's
7 allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint."). The
8 Court is required to presume all factual allegations of the Complaint to be true and draw all
9 reasonable inferences in favor of the non-moving party. *Knevelbaard Dairies v. Kraft Foods, Inc.*,
10 232 F.3d 979, 984 (9th Cir. 2000).

11      A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d
12 729, 732 (9th Cir. 2001); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6)
13 authorizes a court to dismiss a claim on the basis of dispositive issue of law."). "A claim may be
14 dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of
15 his claim which would entitle him to relief.'" *Id.* (citations omitted). At the same time, a court is
16 not to assume that a plaintiff can prove facts it has not alleged or that defendants have violated
17 laws in ways that have not been alleged. *Associated General California, Inc. v. California State*
18 *Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.  ELEVENTH AMENDMENT IMMUNITY

20      The VUSD Defendants and the GPACS Defendants move to dismiss all of Plaintiff's
21 claims brought under §1983 on the basis of Eleventh Amendment immunity.

22      The Eleventh Amendment provides: "The Judicial power of the United States shall not be
23 construed to extend to any suit in law or equity, commenced or prosecuted against one of the
24 United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The
25 decisions of the United States Supreme Court have extended the Amendment's applicability to
26 suits by citizens against their own States. *Board of Trustees of University of Alabama v. Garrett*,
27 531 U.S. 356, 363 (2001). "The ultimate guarantee of the Eleventh Amendment is that
28 nonconsenting States may not be sued by private individuals in federal court." *Id.*

This immunity from suit enjoyed by the States affects all of Plaintiff's claims against the two public school systems in her Third Amended Complaint. This is because public schools and school officials sued in their official capacity are considered part of the State of California. *Berlanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992). Thus, VUSD and its school officials are considered part of the State. Likewise, GPACS and its school officials, though a charter school, is part of the California public school system and part of the State. *Ridgecrest Charter School v. Sierra Sands Unified*, 130 Cal.App.4th 986, 998 (Cal.App. 2005) ("In 1998, the Legislature, as part of AB 544, added section 47615 to the Act to find and declare that charter schools are a part of the 'Public School System, as defined in Article IX of the California Constitution'; that they come under the system's jurisdiction; and that they are entitled to 'full and fair funding' under the Act."); *Wilson v. State Board of Education*, 75 Cal.App. 4th 1125, 1137 (Cal. App. 1999) ("[I]t is apparent that charter schools are part of California's single, statewide public school system.").

All twelve of Plaintiff's claims for relief are brought through 42 U.S.C. §1983. Eleventh Amendment immunity has not been abrogated for §1983 claims. *Carmen v. San Francisco Unified School Dist.*, 982 F.Supp. 1396, 1403 (N.D. Cal. 1997) (dismissing §1983 claim against California school district and district's officials). As the court in *Carmen* recognized, while §1983 provides a federal forum to assert a deprivation of a civil liberty, it does not provide that forum for a citizen who seeks a remedy against a State. *Id.* (*quoting Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Neither a State nor its officials acting in their official capacities are "persons" who can be sued in federal court under §1983. *Id.* However, there are two recognized exceptions which could provide grounds for federal court jurisdiction. The two exceptions are for suits seeking only prospective injunctive relief and individual capacity suits.

## IV. EACH OF THE TWELVE CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

The first claim for relief is brought against the individual Defendants in their official capacities. Because the individual Defendants are school officials being sued in their official capacities, it is the same as a suit directly against the State of California and the Eleventh

Amendment would ordinarily deprive this Court of jurisdiction to hear the claim. *Berlanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992). However, Peters seeks only declaratory[1] and injunctive relief (in the form of an order to Defendants to take training courses on disability discrimination and "violations of a FAPE"), not money damages. Therefore, the Eleventh Amendment does not prevent the claim. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

However, while the Defendants are not immune from suit on this claim, the claim must be dismissed because of a failure to exhaust available administrative remedies under the IDEA. The crux of the first claim for relief is that the Defendants have denied Plaintiff and her son a free and appropriate education by failing to provide special education and related services. This type of claim must first be pursued through the educational administrative process. *Blanchard v. Morton School District*, 420 F.3d 918, 920-21 (9th Cir. 2005); *Robb v. Bethel School District #403*, 308 F.3d 1047 (9th Cir. 2002) (requiring dismissal of a complaint where the plaintiff has not exhausted her administrative remedies under the IDEA).

The first claim is dismissed without prejudice.

**SECOND CLAIM FOR RELIEF**

The second claim for relief is also brought against the individual Defendants in their official capacities. Because the individual Defendants are school officials being sued in their official capacities, it is the same as a suit directly against the State of California and the Eleventh Amendment would ordinarily deprive this Court of jurisdiction to hear the claim. *Berlanger*, 963 F.2d 248. However, Peters seeks only declaratory and injunctive relief,[2] not money damages. Therefore, the Eleventh Amendment does not prevent the claim. *Michigan Dep't of State Police*, 491 U.S. at 66.

However, while the Defendants are not immune from suit on this claim, the claim must be

---

[1] A suit seeking declaratory relief, without more, does not provide a basis for federal court jurisdiction and a court has discretion to decline consideration of a declaratory relief request. This Court so declines.

[2] On her second claim for relief, Plaintiff seeks an injunction requiring, *inter alia*, Defendants to adopt and implement training classes and adopt policies to ensure that Guajome Park Academy complies with federal laws and complies with state laws regarding conflicts of interest.

dismissed because of a failure to exhaust available administrative remedies under the IDEA. The crux of the second claim for relief is that the Defendants have denied Plaintiff and her son a free and appropriate education by failing to provide a safe learning environment. This type of claim must first be pursued through the educational administrative process. *Blanchard*, 420 F.3d at 920-21; *Robb*, 308 F.3d 1047 (requiring dismissal of a complaint where the plaintiff has not exhausted her administrative remedies under the IDEA).

The second claim is dismissed without prejudice.

**THIRD CLAIM FOR RELIEF**

The third claim for relief is also brought against the individual Defendants in their official capacities. Because the individual Defendants are school officials being sued in their official capacities, it is the same as a suit directly against the State of California and the Eleventh Amendment would ordinarily deprive this Court of jurisdiction to hear the claim. *Berlanger*, 963 F.2d 248. However, Peters seeks only declaratory and injunctive relief,[3] not money damages. Therefore, the Eleventh Amendment does not prevent the claim. *Michigan Dep't of State Police*, 491 U.S. 58 at 66.

However, while the Defendants are not immune from suit on this claim, the claim must be dismissed because of a failure to exhaust available administrative remedies under the IDEA. The crux of the third claim for relief is that the Defendants have denied Plaintiff and her son a free and appropriate education by "...failing to comply with the VRP [voluntary resolution plan] agreement failing to establish a safe learning environment, by failing to adopt policies, procedures, practices, staff, student, administration and teacher training." This type of claim must first be pursued through the educational administrative process. *Blanchard*, 420 F.3d at 920-21; *Robb*, 308 F.3d 1047 (requiring dismissal of a complaint where the plaintiff has not exhausted her administrative remedies under the IDEA).

The third claim is dismissed without prejudice.

---

[3] For her third claim for relief, as for her second claim, Plaintiff seeks an injunction requiring, *inter alia*, Defendants to adopt and implement training classes and adopt policies to ensure that Guajome Park Academy complies with federal laws and complies with state laws regarding conflicts of interest.

**FOURTH CLAIM FOR RELIEF**

The fourth claim for relief is brought against the individual Defendants in their individual capacities and seeks compensatory and punitive damages. Because the individual Defendants are school officials being sued under 42 U.S.C. §1983 in their individual capacities, the Eleventh Amendment does not prevent the claim. *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991), *cert. denied*, 502 U.S. 967 (1991) (as amended on denial of r'hng and r'hng en banc).

However, the claim for relief is too vague and fails to adequately allege a causal connection between the conduct of each individual Defendant and an alleged violation of Plaintiff's federal constitutional rights. Plaintiff has not alleged that Defendants Hubbard, Cowles, Hannaman, Kanawi, Hadjiaghai, Halfaker, or any Does were personally involved in depriving Peters of federal constitutional rights. That much is necessary to allege a § 1983 claim against individuals acting in their individual capacity. *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Instead, Peters alleges generally that "...the Individual Defendants (in their individual capacity), and each of them, in refusing and failing to comply with the Direct Orders Relief from CDE [California Department of Education], Plaintiff and her son were denied the benefits of FAPE to which they were entitled under the IDEA." The facts section of the Third Amended Complaint does not supply the necessary allegations of causation. The only reference to an action by the California Department of Education is found in paragraphs 37 to 40. There, Peters describes a finding by the State Superintendent of Public Education. According to the Complaint, Vista Unified School District and Guajome Park Academy was to provide some sort of "assessment, placement, and an educational contract." The Complaint alleges that Defendant Hannaman appealed the decision and the appeal was denied. Finally, the Complaint then simply alleges that the Vista Unified School District "did not provide the placement in compliance with the direct orders of the state of California." These allegations lack the necessary specificity to state a §1983 claim for relief against state officials in their individual capacity. First, the denied federal constitutional right is not identified. The Supreme Court has held that there is no federal constitutional right to a free public education. *San Antonio Independent School Dist. v. Rodriguez*,

411 U.S. 1 (1973). Second, the individual Defendant causing the denial of the federal constitutional right is not identified. Third, the causal connection between the individual Defendant's wrongful conduct and the alleged constitutional violation is not described. Such general allegations simply do not state a claim against any of the individual Defendants in the individual capacities under §1983. *E.g. Schwartz v. Snohomish County*, Case No. C05-732P, *slip op.*, 2006 WL 692024 (W.D. Wash. Mar. 17, 2006) (general allegations which do not adequately set forth causal connection between actions of individuals sued in their individual capacity and the alleged constitutional violations are subject to dismissal).

Moreover, this type of claim is at its core a claim that a statutory right to a free and appropriate education has been denied and must first be pursued through the educational administrative process. *Blanchard*, 420 F.3d at 920-21; *Robb*, 308 F.3d 1047 (requiring dismissal of a complaint where the plaintiff has not exhausted her administrative remedies under the IDEA).

The fourth claim is dismissed without prejudice.

**FIFTH CLAIM FOR RELIEF**

The fifth claim for relief is also brought against the individual Defendants in their individual capacities and also seeks compensatory and punitive damages. Because the individual Defendants are school officials being sued under 42 U.S.C. §1983 in their individual capacities, the Eleventh Amendment does not bar the claim. *Price v. Akaka*, 928 F.2d at 828.

However, this claim for relief is also vague and fails to specifically allege a causal connection between the conduct of each individual Defendant and an alleged violation of Plaintiff's federal constitutional rights. Plaintiff has not alleged that Defendants Hubbard, Cowles, Hannaman, Kanawi, Hadjiaghai, Halfaker, or any Does were personally involved in depriving Peters of federal constitutional rights. That much is necessary to allege a § 1983 claim against individuals acting in their individual capacity. *Jeffers*, 267 F.3d at 915; *Hansen*, 885 F.2d at 646.

Peters alleges generally that "as a result of the action or inaction of the Individual Defendants (in their individual capacity), and each of them, in refusing and failing to provide her son a FAPE...by refusing and failing to provide a safe learning environment, by failing to adopt policies, procedures, and practices, Plaintiff and her son were denied the benefits of FAPE to

1  which he was entitled to under the IDEA." The facts section of the Third Amended Complaint
2  however, suggests potential supervisory liability. Paragraph 19 alleges that the Defendants "knew
3  specifically that Plaintiff's son was subjected to racial and disability discrimination, taunts, name-
4  calling, physical assaults and even death threats." The Complaint goes on to allege that "Plaintiff
5  and her son repeatedly reported incidents of verbal and physical harassment to all of the
6  Defendants, but their complaints fell on deaf ears." Again in paragraph 21, Plaintiff alleges that
7  "harassment and physical assaults against Plaintiff's son continued." In paragraph 22, Plaintiff
8  alleges that "her son continued to experience retaliatory harassment by teachers that were
9  instructed by the administration of GPACS." In paragraph 23, Plaintiff alleges that "her son
10 continued to receive...physical assaults, death threats, and rocks thrown at the back of his head,
11 mouth and the back of his body....Teachers were constantly humiliating and mocking Plaintiff's
12 son in front of the other students and parents." See also ¶¶ 35-36.

13  Supervisory liability may be imposed through §1983 upon a supervisory official in his
14 individual capacity acting under color of law for his own culpable action or inaction in the
15 training, supervision, or control of his subordinates or for conduct that shows a callous or reckless
16 indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991);
17 *Harper v. Poway Unified School District*, 445 F.3d 1166, 1177 (9th Cir. 2006), *r'hng denied*, 455
18 F.3d 1052 (2006) (vulgar, lewd, indecent, obscene, and plainly offensive speech as well as direct
19 physical confrontation may impinge upon the rights of public high school students while at
20 school). This type of claim which includes retrospective and non-educational injuries is not
21 subject to the exhaustion requirements of the IDEA. *Blanchard*, 420 F.3d at 921.

22  Nevertheless, the fifth claim for relief is deficient because these allegations lack the
23 necessary specificity to state a §1983 claim for relief against state officials in their individual
24 capacity. The Third Amended Complaint does not identify which individual Defendant or
25 Defendants may have been supervising the actors at the time or times when Plaintiff's rights are
26 alleged to have been violated. Such general allegations simply do not state a claim against any of
27 the individual Defendants in the individual capacities under §1983. *E.g. Snohomish County*, 2006
28 WL 692024.

1    While it appears that Plaintiff may be able to articulate a valid claim for relief if given one more opportunity, the pending fifth claim for relief is dismissed without prejudice.

**SIXTH CLAIM FOR RELIEF**

The sixth claim for relief is also brought against the individual Defendants in their individual capacities and also seeks compensatory and punitive damages. Because the individual Defendants are school officials being sued under 42 U.S.C. §1983 in their individual capacities, the Eleventh Amendment does not bar this claim. *Price v. Akaka*, 928 F.2d at 828.

However, the claim for relief is too vague and fails to adequately allege a causal connection between the conduct of each individual Defendant and an alleged violation of Plaintiff's federal constitutional rights. Plaintiff has not alleged that either Defendants Hubbard, Cowles, Hannaman, Kanawi, Hadjiaghai, Halfaker, or any Does were personally involved in depriving Peters of federal constitutional rights. That much is necessary to allege a § 1983 claim against individuals acting in their individual capacity. *Jeffers*, 267 F.3d at 915; *Hansen*, 885 F.2d at 646.

Instead, Peters alleges generally that "...the Individual Defendants (in their individual capacity), and each of them, have acted with bad faith and with intentional disregard of Plaintiff's right to equal protection and substantive due process...by refusing and failing to comply with VRP [voluntary resolution plan] agreements with the U.S. Department of Education Office of Civil Rights...." and by "refusing and failing to comply with the CDE [California Department of Education] direct order relief."

The facts section of the Third Amended Complaint does not supply the necessary allegations of causation. The only reference to an action by the California Department of Education is found in paragraphs 37 to 40. There, according to the Third Amended Complaint, Vista Unified School District and Guajome Park Academy was to provide some sort of "assessment, placement, and an educational contract." The Complaint alleges that Defendant Hannaman appealed the decision and the appeal was denied. Finally, the Complaint then simply alleges that the Vista Unified School District "did not provide the placement in compliance with the direct orders of the state of California." The reference to a VRP indicates that a VRP is a

1  voluntary resolution plan and a failure to comply does not give rise to rights in third parties such
2  as Plaintiff.  These allegations lack the necessary specificity to state a §1983 claim for relief
3  against state officials in their individual capacity.  The individual Defendant causing the denial of
4  the federal constitutional right is not identified and the causal connection between the individual
5  Defendant's allegedly wrongful conduct and the constitutional violation is not described.  Such
6  general  allegations simply do not state a claim against any of the individual Defendants in the
7  individual capacities under §1983.  *E.g. Schwartz v. Snohomish County*, Case No. C05-732P, *slip
8  op.*, 2006 WL 692024 (W.D. Wash. Mar. 17, 2006) (general allegations which do not adequately
9  set forth causal connection between actions of individuals sued in their individual capacity and the
10 alleged constitutional violations are subject to dismissal).
11      The sixth claim is dismissed without prejudice.
12 **SEVENTH CLAIM FOR RELIEF**
13      The seventh claim for relief is brought against the school district Defendants and the
14 individual Defendants in their official capacities and seeks an award of compensatory damages.  It
15 alleges that Plaintiff's son was denied "the benefits of school" in violation of Section 504 of the
16 Rehabilitation Act.  The school district s and the individual Defendants are school officials being
17 sued in their official capacity, therefore, it is the same as a suit directly against the State of
18 California and the Eleventh Amendment would deprive this Court of jurisdiction to hear the claim.
19 *Berlanger*, 963 F.2d 248.  Yet, were this a §504 claim dealing with vocational training, the
20 Eleventh Amendment would not prevent the action.  *Clark v. State of California*, 123 F.3d 1267
21 (1997) (California waives immunity when it accepts funds under the Rehabilitation Act).
22      However, the seventh claim for relief is simply her IDEA claim recast as a damages claim
23 under §504.  The effect is to circumvent the remedies provided under the IDEA by resort to §504.
24 This Plaintiff may not do.  *Smith v. Robinson*, 468 U.S. 992, 1019 (1984) (handicapped child not
25 permitted to circumvent the EHA remedies by resort to §504); *Mark H. v. Lemahieu*, 372
26 F.Supp.2d 591 (D. Hawaii 2005) (consistent with Congressional intent, school student plaintiff
27 must pursue remedies available under IDEA rather than §504).
28      The seventh claim is dismissed without prejudice.

**EIGHTH CLAIM FOR RELIEF**

Like the seventh claim for relief, the eighth claim for relief is brought against the school district Defendants and the individual Defendants in their official capacities and seeks an award of compensatory damages. It alleges that Plaintiff's son was denied the benefits of school in violation of Section 504 of the Rehabilitation Act.

However, the eighth claim for relief is simply her IDEA claim recast as a damages claim under §504. The effect is to circumvent the remedies provided under the IDEA by resort to §504. This Plaintiff may not do. *Smith v. Robinson*, 468 U.S. at 1019; *Mark H. v. Lemahieu*, 372 F.Supp.2d at 603.

The eighth claim is dismissed without prejudice.

**NINTH CLAIM FOR RELIEF**

The ninth claim for relief, like the seventh and eight claims for relief, is brought against the school district Defendants and the individual Defendants in their official capacities and seeks an award of compensatory damages. In short, it alleges that Plaintiff has been a public critic of the school district and the charter school. As a result, she alleges that she has "incurred the personal animosity" of the Defendants and that in retaliation the Defendants have denied Plaintiff's son "the benefits of school" in violation of §504.

Like the seventh and eighth claims, the ninth claim is an IDEA claim impermissibly recast as a §504 claim seeking money damages unavailable under the IDEA and without exhausting administrative remedies of the IDEA. The ninth claim is improper. *Smith v. Robinson*, 468 U.S. at 1019; *Mark H. v. Lemahieu*, 372 F.Supp.2d at 603.

The ninth claim is dismissed without prejudice.

**TENTH CLAIM FOR RELIEF**

The tenth claim for relief is, again, brought against the individual Defendants in their individual capacities and also seeks compensatory and punitive damages. Because the individual Defendants are school officials being sued under 42 U.S.C. §1983 in their individual capacities, the Eleventh Amendment does not bar this claim. *Price v. Akaka*, 928 F.2d at 828.

However, the claim for relief is too vague and fails to adequately allege a causal

1 connection between the conduct of any of the individual Defendants and a violation of Plaintiff's
2 federal constitutional rights. Plaintiff has not alleged that either Defendants Hubbard, Cowles,
3 Hannaman, Kanawi, Hadjiaghai, Halfaker, or any Does were personally involved in depriving
4 Peters of federal constitutional rights. That much is necessary to allege a § 1983 claim against
5 individuals acting in their individual capacity. *Jeffers*, 267 F.3d at 915; *Hansen*, 885 F.2d at 646.

6 Instead, Peters alleges that "...the Individual Defendants (in their individual capacity), and
7 each of them, have denied Plaintiff's son a FAPE [free and appropriate education] by refusing and
8 failing to comply with the CDE [California Department of Education] direct order relief and by
9 failing to comply with VRP [voluntary resolution plan] in retaliation for Plaintiff's activist role
10 and public criticism of VUSD and GPACS."

11 The facts section of the Third Amended Complaint does not supply the necessary
12 allegations of causation. The only reference to an action by the California Department of
13 Education is found in paragraphs 37 to 40. There, according to the Third Amended Complaint,
14 Vista Unified School District and Guajome Park Academy was to provide some sort of
15 "assessment, placement, and an educational contract." The Complaint alleges that Defendant
16 Hannaman appealed the decision and the appeal was denied. Finally, the Complaint then simply
17 alleges that the Vista Unified School District "did not provide the placement in compliance with
18 the direct orders of the state of California." The reference to a VRP indicates that a VRP is a
19 voluntary resolution plan and a failure to comply does not give rise to rights in third parties such
20 as Plaintiff.

21 These allegations lack the necessary specificity to state a §1983 claim for relief against
22 state officials in their individual capacity. There is no recognized constitutional right identified.
23 The right to a free education come from state statutes, not the federal Constitution. *San Antonio*
24 *Independent School Dist. v. Rodriguez*, 411 U.S. 1 (1973). The individual Defendant causing the
25 denial of the rights alleged is not identified. The causal connection between the individual
26 Defendant's allegedly wrongful conduct and any constitutional violation is not described. Such
27 general allegations simply do not state a claim against any of the individual Defendants in the
28 individual capacities under §1983. *E.g. Schwartz v. Snohomish County*, Case No. C05-732P, *slip*

*op.*, 2006 WL 692024 (W.D. Wash. Mar. 17, 2006) (general allegations which do not adequately set forth causal connection between actions of individuals sued in their individual capacity and the alleged constitutional violations are subject to dismissal). Moreover, Plaintiff seems to be urging *pro se* the legal rights her son may have. For the reasons set forth in the Court's Order dismissing the First Complaint, a *pro se* plaintiff may not represent the rights of another in federal court.

The tenth claim is dismissed without prejudice.

**ELEVENTH CLAIM FOR RELIEF**

The eleventh claim for relief is, again, brought against the individual Defendants in their individual capacities and also seeks compensatory and punitive damages. Because the individual Defendants are school officials being sued under 42 U.S.C. §1983 in their individual capacities, the Eleventh Amendment does not bar this claim. *Price v. Akaka*, 928 F.2d at 828.

However, like the tenth claim for relief, the eleventh claim for relief is too vague and fails to adequately allege a causal connection between the conduct of any of the individual Defendants and a violation of Plaintiff's federal constitutional rights. Plaintiff has not alleged that either Defendants Hubbard, Cowles, Hannaman, Kanawi, Hadjiaghai, Halfaker, or any Does were personally involved in depriving Peters of federal constitutional rights. That much is necessary to allege a § 1983 claim against individuals acting in their individual capacity. *Jeffers*, 267 F.3d at 915; *Hansen*, 885 F.2d at 646.

Instead, Peters again alleges that "...the Individual Defendants (in their individual capacity), and each of them, have denied Plaintiff's son a FAPE [free and appropriate education] by refusing and failing to comply with the CDE [California Department of Education] direct order relief and by failing to comply with VRP [voluntary resolution plan] in retaliation for Plaintiff's activist role and public criticism of VUSD and GPACS."

The facts section of the Third Amended Complaint does not supply the necessary allegations of causation. As before, the only reference to an action by the California Department of Education is found in paragraphs 37 to 40. There, according to the Third Amended Complaint, Vista Unified School District and Guajome Park Academy was to provide some sort of "assessment, placement, and an educational contract." The Complaint alleges that Defendant

1  Hannaman appealed the decision and the appeal was denied.  Finally, the Complaint then simply
2  alleges that the Vista Unified School District "did not provide the placement in compliance with
3  the direct orders of the state of California."  The reference to a VRP indicates that a VRP is a
4  voluntary resolution plan and a failure to comply does not give rise to rights in third parties such
5  as Plaintiff.

6  These allegations lack the necessary specificity to state a §1983 claim for relief against
7  state officials in their individual capacity.  There is no recognized constitutional right identified.
8  The right to a free education come from state statutes, not the federal Constitution.  *San Antonio*
9  *Independent School Dist. v. Rodriguez*, 411 U.S. 1.  The individual Defendant causing the denial
10 of the alleged rights is not identified.  The causal connection between the individual Defendant's
11 allegedly wrongful conduct and any constitutional violation is not described.  Such general
12 allegations simply do not state a claim against any of the individual Defendants in the individual
13 capacities under §1983.  *E.g. Schwartz v. Snohomish County*, Case No. C05-732P, *slip op.*, 2006
14 WL 692024 (W.D. Wash. Mar. 17, 2006) (general allegations which do not adequately set forth
15 causal connection between actions of individuals sued in their individual capacity and the alleged
16 constitutional violations are subject to dismissal).  Moreover, Plaintiff seems to be urging *pro se*
17 the legal rights her son may have.  For the reasons set forth in the Court's Order dismissing the
18 First Complaint, a *pro se* plaintiff may not represent the rights of another in federal court.

19 The eleventh claim is dismissed without prejudice.

**TWELFTH CLAIM FOR RELIEF**

21 The twelfth claim for relief is, again, brought against the individual Defendants in their
22 individual capacities and also seeks compensatory and punitive damages.  Because the individual
23 Defendants are school officials being sued under 42 U.S.C. §1983 in their individual capacities,
24 the Eleventh Amendment does not bar this claim.  *Price v. Akaka*, 928 F.2d at 828.

25 However, like the tenth and eleventh claims for relief, the twelfth claim for relief is too
26 vague and fails to adequately allege a causal connection between the conduct of any of the
27 individual Defendants and a violation of Plaintiff's federal constitutional rights.  Plaintiff has not
28 alleged that either Defendants Hubbard, Cowles, Hannaman, Kanawi, Hadjiaghai, Halfaker, or any

Does were personally involved in depriving Peters of federal constitutional rights. That much is necessary to allege a § 1983 claim against individuals acting in their individual capacity. *Jeffers*, 267 F.3d at 915; *Hansen*, 885 F.2d at 646.

Instead, Peters again alleges that "...the Individual Defendants (in their individual capacity), and each of them, have denied Plaintiff's son a FAPE [free and appropriate education] by refusing and failing to comply with the direct Order Relief from CDE and by failing to comply with the VRP [voluntary resolution plan] in retaliation for Plaintiff's activist role and public criticism of VUSD and GPACS in violation of the First Amendment to the United States Constitution."

The facts section of the Third Amended Complaint does not supply the necessary allegations of causation. As before, the only reference to an action by the California Department of Education is found in paragraphs 37 to 40. There, according to the Third Amended Complaint, Vista Unified School District and Guajome Park Academy was to provide some sort of "assessment, placement, and an educational contract." The Complaint alleges that Defendant Hannaman appealed the decision and the appeal was denied. Finally, the Complaint then simply alleges that the Vista Unified School District "did not provide the placement in compliance with the direct orders of the state of California." The reference to a VRP indicates that a VRP is a voluntary resolution plan and a failure to comply does not give rise to rights in third parties such as Plaintiff.

These allegations lack the necessary specificity to state a §1983 claim for relief against state officials in their individual capacity. The right to an education is not a recognized constitutional right. Any right to a free education comes from state statutes, not the federal Constitution. *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1. The individual Defendant causing the denial of the alleged rights is not identified. The causal connection between the individual Defendant's allegedly wrongful conduct and any constitutional violation is not described. Such general allegations simply do not state a claim against any of the individual Defendants in the individual capacities under §1983. *E.g. Schwartz v. Snohomish County*, Case No. C05-732P, *slip op.*, 2006 WL 692024 (W.D. Wash. Mar. 17, 2006) (general allegations which

do not adequately set forth causal connection between actions of individuals sued in their individual capacity and the alleged constitutional violations are subject to dismissal). Moreover, Plaintiff seems to be urging *pro se* the legal rights her son may have. For the reasons set forth in the Court's Order dismissing the First Complaint, a *pro se* plaintiff may not represent the rights of another in federal court.

The twelfth claim is dismissed without prejudice.

### V.  LEAVE TO AMEND

A district court's discretion to deny leave to amend a deficient claim or complaint is particularly broad where a plaintiff has previously amended her complaint. *Sisseton-Wahpeton Sioux Tribe v. Unite States of America*, 90 F.3d 351, 355 (9th Cir. 1996) *(quoting Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Five factors are considered: (1) bad faith; (2) undue delay; (3) prejudice to defendants; (4) futility of amendment; and (5) previous opportunities to amend the complaint. *Id.*

Here, the second, third, fourth, and fifth factors[4] weigh against granting leave to file a fourth amended complaint. Considering the *second factor*, permitting further amendment will cause *undue delay*. The original Complaint was filed in June of 2004. While Plaintiff has amended her Complaint three times since her original filing, two and one-half years have passed. Further leave to amend will occasion further delay in getting to trial. The undue delay factor weighs against granting leave for further amendment.

Regarding the *third factor*, further amendment will also *prejudice* the Defendants. Further amendment will force the Defendants to incur additional attorney's fees and costs. Moreover, as time passes, witness memories fade – prejudicing both sides in the quest for truth. The prejudice factor also weighs against granting further leave to amend.

The *fourth factor* is the *futility* of amendment. Of the twelve claims for relief contained in the Third Amended Complaint, most address issues that must first be exhausted under the IDEA in order for federal court jurisdiction to exist. Recasting an IDEA appeal as a civil rights claim is

---

[4] There appears to be no bad faith on the part of the Plaintiff. Consequently, the first of the five factors weighs in her favor.

1 impermissible and amendment to that end would be futile. Moreover, all of her claims arise out of
2 the provision of a public school education to her minor son. It is not at all clear, that as a matter of
3 law, plaintiff may pursue the various rights and remedies she seeks on her own behalf. What is
4 clear, however, is that she may not represent *pro se* her child in asserting the child's rights and
5 remedies in federal court. Only one claim out of the twelve (the fifth claim for relief) appears to
6 contain allegations that if correctly pled might state a valid claim for relief over which a federal
7 court might have jurisdiction. The futility factor weighs against granting leave to further amend.

8 The *fifth factor* considers whether plaintiff has *previously amended* her complaint. Here,
9 plaintiff has previously amended her complaint on three occasions. The previous amendment
10 factor weighs heavily against granting leave to further amend.

11 Four factors weigh against granting leave to further amend the Complaint. One factor (the
12 absence of Plaintiff's bad faith) weighs in favor of granting leave. Having considered all of the
13 factors, the Court finds that in the interests of justice the Third Amended Complaint is dismissed
14 in its entirety without leave to amend.

### VI. CONCLUSION

16 The Defendants' Motions to Dismiss are granted. The Third Amended Complaint is
17 dismissed in its entirety, without prejudice, and without leave to amend.

18 IT IS SO ORDERED.

20 DATED: October 25, 2006

Hon. Roger T. Benitez
United States District Judge